RODGERS, Justice.
Mrs. H. A. Blackwell and Mrs. J. W. Brasher brought suit against Albert J. Glisson, their brother, to cancel a deed as a cloud upon their title to certain lands formerly belonging to their parents, James L. and Mary C. Glisson. Suit was filed in the Chancery Court of Smith County, Mississippi. The appellants alleged that the deed from their parents to their brother, *32 Albert J. Glisson, was obtained by ap-pellee by undue influence and without consideration. The appellee filed his answer denying that the complainants inherited any interest in the described lands and alleged in a cross-bill that he purchased the property from his parents for a valuable consideration. After an answer was filed to the cross-bill the case was heard upon oral and documentary evidence, and the chancellor entered a decree dismissing the original bill of complaint and sustained the prayer of the cross-bill and granted appellee a judgment cancelling the claim of the appellants as a cloud upon the title of appellee, Albert J. Glisson, to the lands described in the decree.
During the trial the complainants and another sister were offered as witnesses for the complainants. The appellee objected upon the ground that they were ineligible to testify to establish their claims against the estate of their deceased parents under prohibition of Section 1690, Mississippi Code 1942 Annotated (1956). The chancellor sustained this objection but permitted the complainants to perfect their record for appeal by introducing their testimony into the trial record. Upon entering his decree, however, the chancellor stated that he considered all the testimony, “including the testimony of complainants,” and concluded that he found no confidential relationship between Albert J. Glisson and his father and mother.
A careful reading of the record in this case leaves no room for doubt. The testimony is clear and convincing that the appellee, Albert J. Glisson, did not obtain the deed herein involved from his parents by undue influence.
It is, therefore, not necessary for us to determine whether or not the chancellor was in error in sustaining an objection to the testimony of the sisters of appellee since he considered this evidence in reaching his decision. We have also read this evidence, along with all the record, and we are convinced that the chancellor reached the proper disposition of this case. Bradley v. Howell, 161 Miss. 346, 134 So. 843 (1931).
Affirmed.
GILLESPIE, P. J., and JONES, BRADY and SMITH, JJ., concur.